UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. RAMIREZ,<br><br>Petitioner,<br><br>v.<br><br>GIGI MATTESON,<br><br>Respondent. | No. 2:23-cv-0162 DAD CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. He is serving a sentence of life imprisonment without the possibility of parole for first degree murder.

In the petition, petitioner challenges the results of prisoner disciplinary proceedings. It appears that petitioner was charged with possessing a cell phone. The punishment petitioner received is not clear. Respondent moves to dismiss petitioner's claim.

A petition for a writ of habeas corpus is available only on the grounds that the petitioner is in custody in violation of federal law. 28 U.S.C. § 2254. Essentially, a habeas petition must challenge either the fact of or duration of confinement. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). For the court to have jurisdiction over a habeas claim, success on the merits of the claim must "necessarily lead to speedier or immediate release." Nettles v. Grounds, 830 F.3d 922, 934-935 (9th Cir. 2016).

Here, a successful challenge to the disciplinary proceedings at issue would not lead to a speedier release because petitioner is serving life in prison and is not eligible for parole. In his opposition, petitioner asserts that there are new laws which provide an opportunity for those sentenced to life without the possibility of parole to petition a California court for resentencing, and that the expungement of the disciplinary finding at issue would increase the chances that petitioner's sentence would be reduced at such a proceeding. Whether expungement would lead to a lesser sentence is speculative, however, and the Ninth Circuit's ruling in <u>Nettles</u> makes clear that expungement must lead to a lesser sentence or there is no habeas jurisdiction.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 14) be granted;

2. Petitioner's petition for a writ of habeas corpus be dismissed; and

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" <u>Morris v. Woodford</u>, 229 F.3d 775, 780 (9th Cir. 2000) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file

/////

1 | objections within the specified time may waive the right to appeal the District Court's order.
2 | Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 | Dated: October 12, 2023
4 |
   | _____
   | CAROLYN K. DELANEY
5 | UNITED STATES MAGISTRATE JUDGE

8 | 1
  | rami0162.ntls