UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. RAMIREZ,<br><br>Petitioner,<br><br>v.<br><br>GIGI MATTESON,<br><br>Respondent. | No.  2:23-cv-00162-DAD-CKD (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING RESPONDENT'S MOTION TO DISMISS HABEAS PETITION<br><br>(Doc. Nos. 1, 14, 18) |

Petitioner Robert J. Ramirez is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 17, 2023, respondent filed a motion to dismiss the petition on the ground that petitioner is serving a life sentence without the possibility of parole and that his challenge in the pending petition to his prison disciplinary conviction, even if successful, would not result in his speedier release from confinement.  (Doc. No. 14.)  On October 12, 2023, the assigned magistrate judge issued findings and recommendations recommending that petitioner's federal habeas petition be summarily dismissed due to lack of jurisdiction because under binding Ninth Circuit precedent "[f]or the court to have jurisdiction over a habeas claim, success on the merits of the claim must 'necessarily lead to speedier or immediate release.'"  (Doc. No. 18 at 1) (quoting *Nettles v. Grounds*, 830 F.3d 922, 934–35 (9th Cir. 2016) (en banc)).  The magistrate judge

1

concluded that even if under California law those serving life sentences without the possibility of parole may now be eligible for resentencing under some circumstances, as argued by petitioner, whether expungement of the challenged prison disciplinary conviction in this case would result in a lesser sentence for petitioner remains speculative and therefore deprives this court of jurisdiction. (*Id.* at 2.) The pending findings and recommendations were served upon petitioner and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.*) On October 26, 2023, petitioner filed objections to the pending findings and recommendations. (Doc. No. 19.)

In his objections, petitioner repeats his argument that under newly enacted California law he is eligible for a parole hearing in 2026 despite the fact that he was sentenced to life imprisonment without the possibility of parole. (*Id.* at 1.) He contends that the prison disciplinary conviction he challenges in the pending petition will result in an automatic denial of parole in his case for 5, 7, 10 or 15 years. (*Id.*) Petitioner contends that the court should reject the pending findings and recommendations and if it does not do so, should issue a certificate of appealability. (*Id.* at 2.) Petitioner's objections provide no basis upon which to reject the pending findings and recommendations. *See Hickson v. Broomfield*, No. 23-cv-03233-RMI, 2023 WL 5209714, at *2 (N.D. Cal. Aug. 14, 2023) ("Habeas is not the proper remedy to challenge a disciplinary finding where reversal of the finding would not necessarily lead to a grant of parole or speedier releaser release. But a challenge to a disciplinary finding that resulted in assessment of time credits must be brought in habeas if reinstatement of the time credits would necessarily spell speedier release. [ ] If reversal of the disciplinary finding will not lead to a speedier release, then Petitioner must bring this claim in a civil rights action.") (citations and quotation marks omitted).); *Martin v. Johnson*, No. 2:21-cv-1967-KJM-KJN-P, 2023 WL 2815593, at *3 (E.D. Cal. Apr. 6, 2023) (finding petitioner had failed to state a cognizable claim for federal habeas relief "because many factors independent of a particular disciplinary infraction can influence future parole suitability determinations, expungement of the disciplinary finding or restoration of lost good-time credits would not necessarily accelerate the inmate's release."), *order adopting* 2023 WL 5353755 (E.D. Cal. Aug. 21, 2023).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Having concluded that the pending petition must be dismissed, the court also declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the court's determination that the pending petition must be dismissed due to lack of jurisdiction to be debatable or wrong. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on October 12, 2023 (Doc. No. 18) are adopted in full;
2. Respondent's motion to dismiss the pending petition (Doc. No. 14) is granted;
3. The petition for writ of habeas corpus (Doc. No. 1) is dismissed without prejudice;

/////
/////
/////
/////
/////

4. The court declines to issue a certificate of appealability; and

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **December 15, 2023**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4